UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARCUS T. BARTOLE,

    Plaintiff,

    v.   CAUSE NO. 2:23-CV-407-PPS-APR

BOB GOLDSMITH,

    Defendant.

## ORDER AND OPINION

There are a couple of issues pending before the court in this case. Bartole proceeds on a claim against Sheriff Bob Goldsmith in his official capacity for maintaining a policy or custom of holding detainees in excess of forty-eight hours without a probable cause hearing that resulted in a violation of his rights under the Fourth Amendment. ECF 38. He also is suing Goldsmith in his individual capacity for instructing his subordinates to interfere with Bartole's access to the courts and to interfere with his mail. *Id.* Finally, he seeks an injunction requiring Goldsmith, among other things, to allow him to send and receive mail and review criminal discovery relating to his state criminal case at the Tippecanoe County Jail to the extent required by the First Amendment. *Id.* The motion presently before the court relates to that final claim.

In particular, Bartole seeks an injunction giving him the ability to conduct legal research and discovery in a State criminal proceeding, Case No. 79D04-2111-F3-33, in which he proceeds *pro se*. Although it is a little unclear, it appears he also seeks an

injunction requiring me to order the defendants to give him a copy of a reply brief he attempted to file with the State appellate court in December 2023 in the appeal of his bond determination in Case No. 23A-CR-1709.[1] That reply brief was rejected as untimely. Finally, Bartole seeks an injunction somehow related to the seizure of his amended complaint in Case No. 1:23-cv-2011 filed in the United States District Court in the Southern District of Indiana.

"In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

With respect to the State criminal proceedings, I find that Bartole has other legal remedies; namely, petitioning the Tippecanoe Superior Court in which his criminal case is pending. Bartole offers no explanation as to why presenting his concerns to the Tippecanoe Superior Court is inadequate or why he believes that this court is better-suited to protect his constitutional rights in connection with this criminal case.

With respect to Case No. 23A-CR-1709, I'll note that the Indiana Court of Appeals issued a reasoned decision affirming the bail determination of the lower court

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. In the motion for a preliminary injunction, Bartole cites Case No. 24A-CR-1834, but the December 2023 date suggests that he intended to cite Case No. 23A-CR-1709 given that he did not initiate Case No. 24A-CR-1834 until July 2024.

and that, while Bartole did not submit a reply brief on appeal, he did submit an initial appellate brief. As for his reply brief, he claims that he gave the reply brief to his jailers, but it never made its way to the court. A review of the docket shows that the reply did make its way to the court, but it was denied as untimely. Bartole has not demonstrated any harm due to the delay in filing his reply brief. For example, he fails to tell me what he said in his reply brief that was not already said in his initial appellate brief. Additionally, Bartole has not shown that what he said in that unfiled reply brief would have made a difference in persuading the appellate court to reach a different conclusion on its bond determination. In sum, there are no grounds to enjoin anyone relating to this issue. Indeed, I'm at a loss at exactly what Mr. Bartole is asking me to do in this regard.

Finally, it is similarly difficult to find harm in connection with the seized amended complaint in Case No. 1:23-cv-2011 as Bartole offers no detailed explanation as to which claims that amended complaint would have included or why he believes that the Southern District of Indiana would have allowed him to proceed on it. I also observe that Bartole has puzzlingly never sought recourse or mentioned the seizure of his amended complaint in that case through a motion for an extension of time, a motion to reconsider, or otherwise. Further, Bartole successfully conveyed numerous motions in both of these proceedings before and after they had concluded indicating that his access was not entirely impeded.

It's also worth pointing out that Bartole has had no difficulty in filing lengthy complaints and other submissions chock-full of citations to appropriate legal authority in this court. Here are a few examples:

- On August 31, 2022, Bartole filed a 41-page complaint in Case No. 2:22-cv-257;

- On January 9, 2023, Bartole filed a 70-page complaint in Case No. 2:23-cv-7;

- On February 16, 2023, Bartole filed a 42-page motion for a preliminary injunction in Case No. 2:23-cv-7;

- On July 10, 2023, Bartole filed a 34-page complaint in Case No. 2:23-cv-242;

- On April 29, 2024, Bartole filed a 44-page proposed amended complaint in this case;

- On May 20, 2024, he filed a 40-page memorandum in support of a temporary restraining order in this case;

- On July 29, 2024, he filed a 46-page complaint in Case No. 3:24-cv-633.

Against this backdrop, it is difficult to credit Bartole's representations that jail staff is interfering with his access to the courts in any meaningful way. Even the motion that is the subject of this order spans fifteen pages and is replete with legal citations strongly suggesting that he retains adequate access to legal resources and the court.

I am also concerned with the specific nature of the injunctive relief requested: he wants to be released from jail on house arrest or on bond. With respect to the competing public interests, unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir.

4

2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage.") (citation omitted). Even assuming that jail staff are interfering with his access to the courts, I cannot find that releasing him from jail is a narrowly tailored remedy. After considering the relevant factors, I find that Bartole has not demonstrated that he is entitled to a preliminary injunction, and I deny this motion.

Also pending in this case is Sheriff Bob Goldsmith's motion to dismiss and Bartole's motion to extend the deadline to file a response to this motion. Notably, the motion to dismiss relies on the affidavit of the assistant jail commander (ECF 41-8), which suggests that the arguments in this motion are more appropriately raised at the summary judgment stage. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Further, while the fact of the probable cause determination by Judge Mathew S. Sandy on November 14, 2021, might be an appropriate subject for judicial notice, Bartole has vigorously disputed it and represented that he would prefer the opportunity to investigate it. ECF 32. Additionally, while the allegations of interference by jail staff are not so robust or persuasive as to entitle Bartole to injunctive relief, I have already found that he adequately states a claim for purposes of pleading. ECF 38. As a result, I decline to resolve this case on the pleadings. I deny the motion to dismiss and further deny as moot the motion to extend.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 44);

(2) DENIES the motion to dismiss (ECF 41);

(3) DENIES as MOOT the motion to extend (ECF 43); and

(4) ORDERS Sheriff Bob Goldsmith to file an answer by October 25, 2024.

SO ORDERED on October 4, 2024.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT