UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS T. BARTOLE, <br><br> Plaintiff, <br><br> v. <br><br> BOB GOLDSMITH, <br><br> Defendant. | CAUSE NO. 2:23-CV-407-PPS-APR |

OPINION AND ORDER

Marcus T. Bartole, a prisoner without a lawyer, proceeds on a claim for damages against Sheriff Bob Goldsmith in his official capacity for maintaining a policy or custom of holding detainees at the Tippecanoe County Jail in excess of forty-eight hours without a probable cause hearing that resulted in a violation of his rights under the Fourth Amendment in November 2021. He also proceeds against Sheriff Goldsmith in his individual capacity for money damages for instructing his subordinates to deprive Bartole of access to criminal discovery and to withhold Bartole's incoming and outgoing legal mail beginning on October 31, 2023. [ECF 38.] On December 13, 2024, Sheriff Goldsmith filed the pending motion for summary judgment, arguing that Bartole failed to exhaust his administrative remedies in connection with his claims. [ECF 55.]

Sheriff Goldsmith also provided Bartole with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. [ECF 55-3.] The notice informed Bartole of the consequences of forgoing a response. [*Id.*] It advised that, unless he disputed the facts presented by the

defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a).

In response to the motion for summary judgment, Bartole sought leave to conduct discovery on the exhaustion issue, which I granted, noting that Bartole could likely obtain the information he sought by filing written discovery requests with the court and directing them at Sheriff Goldsmith. [ECF 63.] The discovery deadline passed without any indication that the parties had requested any discovery, so the court ordered Bartole to file a response to the motion for summary judgment by April 30, 2025, advising him that further extensions were unlikely to be granted given he had already had five months to prepare a response. [ECF 64.]

Nevertheless, on April 23, 2025, Bartole filed a motion to extend the deadline to file a response to the summary judgment motion by forty-five days, which remains pending. [ECF 65.] He explains that he needs additional time to exhaust his administrative remedies so that he can amend his complaint to state new claims against Sheriff Goldsmith and other defendants. He further explains that he has been attempting to exhaust his administrative remedies for four months.

At this stage of the proceedings, "a party may amend its pleading only with leave of the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

2

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citation omitted). To Bartole's point, it is true that the court has not yet set a deadline for amended pleadings, and it is unclear whether these new claims will suffer from futility or unrelatedness. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). However, given the history of this case, I find that Bartole's effort to amend the complaint in this manner at this stage of the proceedings is in bad faith and that granting it would result in unfair prejudice to Sheriff Goldsmith.

    Significantly, Bartole initiated this case in November 2023 and was granted leave to proceed against Sheriff Goldsmith in his official capacity on a single claim based on allegations of unlawful detention in November 2021. [ECF 1, ECF 5.] On February 16, 2024, Sheriff Goldsmith filed a motion to dismiss for failure to state a claim. [ECF 12.] Bartole sought multiple extensions of time and attempted to amend his complaint to assert unrelated claims against ten defendants for various events over the course of five years. [ECF 18, ECF 20, ECF 23, ECF 30, ECF 36.] In July 2024, I allowed Bartole to amend his complaint to assert additional claims against Sheriff Goldsmith in connection with the criminal discovery and legal mail issues that began in October 2023, and I denied the motion to dismiss without prejudice to refiling. [ECF 38.] Sheriff Goldsmith filed another motion to dismiss asserting the same argument as before, and Bartole filed yet another motion seeking an additional 90 days to respond. [ECF 41, ECF 43.] These

3

requests for multiple extensions were particularly perplexing because Bartole had filed a motion to strike in March 2024 that contained arguments that would have been more appropriately raised in a response to the motion to dismiss. [ECF 16, ECF 34.] Bartole never filed a response to the motion to dismiss. Nevertheless, I denied the motion to dismiss in October 2024 because the Sheriff's argument was more appropriately resolved on summary judgment. [ECF 47.]

Since Sheriff Goldsmith filed the pending summary judgment motion in December 2024, Bartole has similarly sought to delay filing a formal response. As detailed above, Bartole in January 2025 filed a motion seeking to defer a response so that he could conduct discovery on the exhaustion issue. [ECF 60.] This motion suggested that Bartole had well-formed ideas about how he would defend against the summary judgment motion. I granted this motion, [ECF 63], but he does not appear to have made any effort to conduct discovery, which strongly suggests that he filed the motion in bad faith. And, in the most recent order setting the current response deadline of April 30, 2025, he was advised that further extensions were not likely to be granted given that he had already been afforded five months to prepare a response. [ECF 64.] Only on the eve of that deadline expiring did Bartole raise the prospect of expanding the scope of this lawsuit a second time. It would be inconsistent with the Federal Rules of Civil Procedure, administratively unwieldy, and unfair to Sheriff Goldsmith if I allowed Bartole to indefinitely delay the resolution of this case by continuing to allow him to expand the scope of this lawsuit in lieu of filing a response to each dispositive motion filed by Sheriff Goldsmith.

4

Consequently, I would deny leave for Bartole to proceed on a forthcoming proposed amended complaint asserting new claims, so I cannot find now that it amounts to good cause to extend the deadline to file a response to the summary judgment motion. Nor am I inclined to afford Bartole any additional opportunities to file a response given the length of time he has already been afforded, that he was told not to expect further extensions, and that he appears to have engaged in bad faith delay tactics recently and throughout this case. Therefore, I will now proceed to resolving the pending motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file

5

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020) (en banc).

The Tippecanoe County Jail maintains a grievance procedure, which is set forth in an inmate guide that was accessible by Bartole. [ECF 55-2.] The inmate guide sets forth a three-step grievance process. *Id.* at 2-3. First, an inmate must submit an informal grievance through a tablet device within five days of the incident. *Id.* If an inmate is dissatisfied with the appropriate staff member's response, he may file a formal grievance for review by the assistant jail commander or his designee within five days of receiving that response. *Id.* Finally, if an inmate is dissatisfied with the assistant jail commander's response, he may file an appeal with the jail commander within five days of receiving that response. *Id.*

Carrie Morgan, Assistant Jail Commander, attests that Bartole has access to the grievance process through a tablet device. *Id.* at 1. She has reviewed Bartole's jail file, which includes his grievance records. *Id.* at 3–4. His grievance records reflect that he has never submitted any grievances which specifically relate to his claims of unlawful detention, lack of a probable cause hearing, his criminal discovery, or the withholding of legal mail described in the amended complaint. *Id.* It is true that Bartole filed a grievance in February 2023 complaining generally about access to the courts; but that is far removed from the particular claims in this case which stem from a series of discreet events that began in October 2023—some nine months later. Likewise, while there is

6

one grievance in which Bartole complains about the lack of a prompt response to an inmate discipline matter, [*see* DE 55-2 at 21], that grievance has nothing to do with the claim in his complaint—that the jail is holding people for more than 48 hours before holding a probable cause hearing.

In sum, the record unequivocally demonstrates that the grievance process at the Tippecanoe County Jail was available to Bartole but that he did not complete or even initiate the grievance process *with respect to the claims in the complaint*. And the record is further clear that Bartole is an experienced user of the grievance system. Because Bartole did not exhaust his available administrative remedies, the motion for summary judgment is granted, and this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original).

For these reasons, the court:

(1) DENIES the motion to extend (ECF 65);

(2) GRANTS the motion for summary judgment (ECF 55);

(3) DISMISSES this case without prejudice; and

(4) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on June 6, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT